IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00500-EWN-MJW

JEWISH DEFENSE LEAGUE INC.,

Plaintiff,

v.

SHELLEY RUBIN,

Defendant.

---

**ORDER AMENDING MINUTE ORDER DATED APRIL 25, 2005
(DOCKET NO. 13)
AND
RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(DOCKET NO. 12)**

---

**Entered by Magistrate Judge Watanabe**

This matter is before the court on the Plaintiff's Motion for Default Judgment (docket no.12). The court has reviewed the motion and has taken judicial notice of the court's file. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and recommendation.

The court finds that Defendant Shelley Rubin, through newly retained counsel, Eric B. Fenster filed on April 21, 2005, a motion captioned "Defendant's Motion for Extension of Time to File Initial Response to Plaintiff's Complaint" (docket no.10). A district court's decision to grant to the defendant an extension of time to answer lies well within the district court's discretion. See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., 74 F.3d 972, 976 (9th Cir.1996). Here, this court, in its discretion, granted this motion and Defendant Shelley Rubin has up to and including May 16, 2005, to respond to the Complaint. (See Minute Order dated April

25, 2005).  On April 25, 2005, the same day the court granted the extension, Plaintiff filed the subject motion.  Such motion is now MOOT based upon this court's Minute Order dated April 25, 2005, and therefore should be denied.

Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion for Default Judgment (docket no.12) be **DENIED WITHOUT PREJUDICE**.  It is **ORDERED** that the Minute Order dated April 25, 2005 is amended to correct the date from May 16, 2004, to May 16, 2005, in order to correct the typographical error in the year.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 27th day of April 2005.

                                       BY THE COURT

                                       S/
                                      Michael J. Watanabe
                                      U.S. Magistrate Judge

---

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2005, a copy of the foregoing document was

served to the following persons by:

    _X_ United States mail, proper postage affixed:

M.L. Edwards
The Finberg Law Firm PC
1871 Folsom Street
Boulder CO 80302

Eric B. Fenster
Stephen L. Alonzi PC
1601 Arapahoe Street Suite 1200
Denver CO 80202

  s/ Shelley L Moore
Deputy Clerk