IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-CV-00500-EWN-MJW

JEWISH DEFENSE LEAGUE INC.,

    Plaintiff,

v.

SHELLEY RUBIN,

    Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPELL [sic] THE DEFENDANT SHELLY [sic] RUBIN TO ANSWER INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (DOCKET NO. 46)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter is before the court on the Plaintiff's Motion to Compell [sic] the Defendant Shelly [sic] Rubin to Answer Interrogatories and Requests for Production of Documents (docket no. 46).  The court has reviewed the motion and response thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

    Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

2

discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Id.

As to Plaintiff's interrogatory No. 1, the court finds that the Defendant has answered fully Interrogatory No. 1 and therefore no further response is required.

As to Plaintiff's interrogatory No. 2, the court finds that the Defendant has not fully responded to Interrogatory No. 2.  The court further finds that Defendant's objections as outlined in the Defendant's Amended Response to Interrogatory No. 2 are overruled.  The Defendant shall respond fully to Interrogatory No. 2.

As to Plaintiff's interrogatory No. 3, the court finds that the Defendant has answered fully Interrogatory No. 3 and therefore no further response is required.

As to Plaintiff's Request for Production No. 1, the court finds that the Defendant has answered fully responded and therefore no further response is required.

As to Plaintiff's Request for Production No. 2, the court finds that the Defendant has not fully responded to Request for Production No. 2.  The court further finds that

3

Defendant's objections as outlined in the Defendant's Amended Response to Request for Production No. 2 are overruled. The Defendant shall respond fully to Request for Production No. 2.

As to Plaintiff's Request for Production No. 3, the court finds that the Defendant has answered fully responded and therefore no further response is required.

## ORDER

WHEREFORE, the Plaintiff's Motion to Compell [sic] the Defendant Shelly [sic] Rubin to Answer Interrogatories and Requests for Production of Documents (docket no. 46) is GRANTED IN PART AND DENIED IN PART. As to Plaintiff's Interrogatory No. 2 and Request for Production No. 2, the motion is GRANTED. The Defendant, Shelley Rubin, shall respond fully to Plaintiff's Interrogatory No. 2 and Request for Production No. 2 on or before December 30, 2005. The remainder of the motion is DENIED. Each party shall pay their own attorney fees and costs since this court finds that under these circumstances wherein jurisdiction is disputed and is pending before Judge Nottingham, making an award of expenses would be unjust pursuant to Fed. R. Civ. P. 37 (a)(B)(4)(C).

Done this 14th day of December 2005.

BY THE COURT

s/Michael J. Watanabe  
Michael J. Watanabe  
U.S. Magistrate Judge