IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–N–500 (MJW)

JEWISH DEFENSE LEAGUE INC.,

    Plaintiff,

v.

SHELLEY RUBIN,

    Defendant.

---

**ORDER TRANSFERRING CASE**

---

This case comes before the court on Defendant's motion to dismiss the case for want of personal jurisdiction or, in the alternative to transfer the case to the United States District Court for the Central District of California (#18). Plaintiff has responded, and Defendant has replied. Further argument is unnecessary.

Plaintiff has filed a rather lackluster response to the motion to dismiss for lack of personal jurisdiction, and it has not responded at all to the alternate motion to transfer the case. Because the transfer is essentially unopposed and because the case for transfer is compelling, the court will assume, *arguendo*, that it has authority to consider the transfer.

Defendants request that the case be transferred to the Central District of California pursuant to 28 U.S.C.A. § 1404(a) (West 2005). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." Although similar to the

doctrine of *forum non conveniens*, section 1404(a) gives the transferor court greater discretion than that doctrine, particularly since transfer, not dismissal, is the relief granted. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 34, 75 S. Ct. 544, 549 (1955). *See Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (section 1404[a] grants broader discretion than was available under *forum non conveniens* and permits transfer upon lesser showing); *Headrick v. Atchison, T. & S.F. Ry.*, 182 F.2d 305, 309 (10th Cir. 1950) (same). When deciding whether to transfer a case pursuant to section 1404(a), the court considers factors derived from the doctrine of *forum non conveniens*. *See Frontier Airlines, Inc. Retirement Plan for Pilots v. Security Pacific Nat'l Bank, N.A.*, 696 F. Supp. 1403, 1406 (D. Colo. 1988); *Hardaway Constructors, Inc. v. Conesco Indus., Ltd.*, 583 F. Supp. 617, 619 (D.N.J. 1983).

The Tenth Circuit has adopted a number of factors which a district court should consider when performing an analysis under the doctrine of *forum non conveniens*:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). This list is based upon the Supreme Court's decision in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 842 (1947) (setting forth factors to be considered in a *forum non conveniens* analysis).

The party bringing the motion to transfer bears the burden of establishing the inconvenience of the existing forum.  *Chrysler*, 928 F.2d at 1515; *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).  Although a lesser showing is required under section 1404(a) than under *forum non conveniens*, the moving party must still make a strong showing of inconvenience.  *See Gulf Oil*, 330 U.S. at 505, 67 S. Ct. at 843 ("unless balance is strongly in favor of defendant, plaintiff's choice of forum should rarely be disturbed"); *Ritter*, 371 F.2d at 147 ("unless evidence and circumstances are strongly in favor of transfer, plaintiff's choice of forum should not be disturbed"); *Headrick*, 182 F.2d at 310 (case will not be transferred unless defendant "demonstrates by clear and convincing evidence that balance of factors tips in defendant's favor").

Defendants' showing of inconvenience must be sufficiently strong to overcome plaintiffs' initial choice of forum.  When assessing a section 1404(a) motion, plaintiffs' choice of forum should not be dismissed lightly, but "must be accorded great weight."  *Sackett v. Denver and Rio Grande W. R.R.*, 603 F. Supp. 260, 261 (D. Colo. 1985) (citing *Boyd v. Grand Trunk W. R.R.*, 338 U.S. 263, 265, 70 S. Ct. 26, 27 [1949] [dicta] ["The right to select a forum granted in § 6 is a substantial right"]).  *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970) (plaintiff's choice of forum is usually entitled to paramount consideration and should not be lightly disturbed), *cert. denied*, 401 U.S. 910, 91 S. Ct. 871 (1971); *Alameda Nat'l Bank v. Kanchanapoom*, 752 F. Supp. 367, 370 (D. Colo. 1990) ("plaintiff's choice of forum is entitled to great weight") (citing *Kingston v. Brussat*, 698 F. Supp. 215, 216 [D. Colo. 1988]).

The convenience of the witnesses is an important factor to be considered on a motion to transfer for two reasons. First, any unwilling witness who resides outside the 100-mile jurisdictional limit of this court is not subject to compulsory process. *See* Fed. R. Civ. P. 45(c). Second, testimony by deposition is a disfavored alternative to live testimony. *Sackett*, 603 F. Supp. at 262 (citing 15 Charles A. Wright et al., *Federal Practice and Procedure* § 3851, at 266—267 [1976]). The evaluation of witness convenience rests not simply upon the number of witnesses residing in the district, but also upon the quality and nature of their testimony in relation to the issues in the case. *Central States, Southeast and Southwest Areas Pension Fund v. Brown*, 587 F. Supp. 1067, 1070 (N.D. Ill. 1984); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2nd Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S. Ct. 1213 (1979).

In this case, Defendant asserts, and Plaintiff does not contest, that Shelly Rubin, her son, Ari, and several other witnesses reside in Los Angeles. The only Colorado witness is Matthew S. Finberg, who is also Plaintiff's counsel in this litigation. It appears that the convenience of witnesses would be served by a transfer.

Convenience of the parties also suggests that transfer is appropriate. Defendant lives and resides in Los Angeles and is undoubtedly subject to personal jurisdiction there. Plaintiff is headquartered in Los Angeles, and all of its books and records are there. In this circumstance — where Plaintiff has selected a forum which is not its residence and with which it has an attenuated connection — Plaintiff's choice of forum is entitled to less weight than usual. *E.g., New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981).

Because the interest of justice would be served and because California is a more convenient forum for parties and witnesses, it is

**ORDERED** as follows:

1. The motion to transfer (#18) is GRANTED, and the clerk will transfer this case to the United States District Court for the Central District of California.

2. The motion to stay proceedings (#56) pending a decision on the motion to dismiss or transfer is DENIED as moot.

3. Plaintiff's motion for sanctions is DENIED.

Dated this 30th day of December, 2005.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge